# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A23-0613

State of Minnesota,
Respondent,

vs.

John Tyrus Anderson,
Appellant.

**Filed March 2, 2026**
**Affirmed**
**Schmidt, Judge**

Chisago County District Court
File No. 13-CR-20-456

Keith Ellison, Attorney General, Kristi Nielsen, Assistant Attorney General, St. Paul, Minnesota; and

Janet Reiter, Chisago County Attorney, Center City, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Roy G. Spurbeck, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Wheelock, Presiding Judge; Schmidt, Judge; and Kirk, Judge.[*]

## SYLLABUS

The Minnesota Supreme Court's decision in *State v. Paulson*, 22 N.W.3d 144 (Minn. 2025), holding that the statutory venue requirement in Minn. Stat. § 627.01 (2024) is not an element of an offense, is not limited to cases involving guilty pleas.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## OPINION

**SCHMIDT**, Judge

This case is before us on remand from the supreme court for reconsideration in light of *State v. Paulson*, 22 N.W.3d 144 (Minn. 2025). In that case, the supreme court held that the statutory venue requirement is not an element of an offense and upheld a guilty plea even though the factual basis for the plea did not establish the venue requirement. Applying *Paulson*'s rule, we reject appellant's argument that his conviction following a trial must be reversed for insufficient evidence of venue and we affirm.

## FACTS

Respondent State of Minnesota charged appellant John Tyrus Anderson with three counts of financial exploitation of a vulnerable adult in Chisago County. The state aggregated numerous offenses into three counts covering different time periods. Count one involved over 300 offenses totaling $37,595.29 and included one victim who resided in Chisago County. Count two involved over 150 offenses totaling $17,905.41, and included one victim who resided in Chisago County. Count three involved five offenses totaling $309.37 and included three victims. For count 3, the record is silent about where the offense occurred or whether any victim resided in Chisago County.

After waiving his jury-trial rights, the district court held a trial on stipulated evidence and found Anderson guilty of all three counts. The district court found that Anderson "intentionally used, managed, or took either temporarily or permanently the money of the vulnerable adults for the benefit of someone other than the vulnerable adult for [whom] the money was intended." The court also determined that venue was proper in

Chisago County for all counts. The district court entered judgments of conviction on all counts, stayed imposition of sentence on counts one and two, and imposed a misdemeanor sentence on count three.

Anderson appealed and challenged only his conviction on count three, arguing that venue is an essential element and that the state failed to prove venue beyond a reasonable doubt.[1] We agreed and reversed Anderson's conviction for this count. *State v. Anderson*, No. A23-0613, 2024 WL 1613914, at *3 (Minn. App. Apr. 15, 2024), *rev'd mem.*, (Minn. Oct. 15, 2025). The supreme court granted the state's petition for further review and stayed the case pending the final disposition in *Paulson*.

The supreme court then issued its *Paulson* decision, holding "that the statutory venue requirement set forth in Minnesota Statutes section 627.01 is not an element of an offense." *Paulson*, 22 N.W.3d at 151. After deciding *Paulson*, the supreme court lifted the stay in Anderson's case, reversed our decision, and remanded for reconsideration in light of *Paulson*. *See State v. Anderson*, No. A23-0613 (Minn. Oct. 15, 2025) (mem.).

The parties have submitted supplemental briefs addressing the impact of *Paulson* on this appeal. We now reconsider our decision based on the supreme court's directive.

**ISSUE**

Does the holding in *Paulson*—that the statutory venue requirement in Minnesota Statute section 627.01 is not an element of a criminal offense—apply to cases that proceeded to trial?

---

[1] As relevant here, the venue statute provides that "every criminal cause shall be tried in the county where the offense was committed." Minn. Stat. § 627.01, subd. 1.

## ANALYSIS

The state must "prove every element of the offense beyond a reasonable doubt" before a defendant may be convicted of a charged crime. *State v. Culver*, 941 N.W.2d 134, 142 (Minn. 2020). In evaluating a claim of insufficient evidence stemming from either a jury trial or a bench trial, we examine the record in the light most favorable to the verdict to determine whether the facts permitted the factfinder to reasonably conclude that the defendant was guilty beyond a reasonable doubt of the offense for which he was convicted. *State v. Palmer*, 803 N.W.2d 727, 733 (Minn. 2011).

Following a court trial, a district court convicted Anderson of financial exploitation of a vulnerable adult. The elements of this crime are: whoever, "in breach of a fiduciary obligation," intentionally "uses, manages, or takes either temporarily or permanently the real or personal property or other financial resources of the vulnerable adult . . . for the benefit of someone other than the vulnerable adult" commits the crime of financial exploitation. Minn. Stat. § 609.2335, subd. 1(1)(ii) (2016). A charge of financial exploitation of a vulnerable adult may be prosecuted in the county where any part of the offense occurred or in the county of residence of a victim. *Id.* at subd. 5 (2016). The general venue statute provides that "every criminal cause shall be tried in the county where the offense was committed." Minn. Stat. § 627.01.

In his direct appeal, Anderson only argued that the state failed to prove beyond a reasonable doubt the venue element for count three. We agreed and concluded that Anderson's conviction must be reversed. After granting review, the Minnesota Supreme Court reversed our decision, and remanded for reconsideration in light of *Paulson*.

4

We begin by detailing the circumstances that gave rise to the supreme court's decision in *Paulson*. The state charged Paulson by amended complaint in Anoka County District Court with criminal sexual conduct and kidnapping to facilitate a felony—specifically, a second-degree controlled-substance crime. *Paulson*, 22 N.W.3d 147. The complaint alleged that Paulson removed the child victim from Wisconsin to Minnesota, where he sexually assaulted her. *Id.* Police encountered the victim in Anoka County. *Id.*

The district court denied Paulson's motion challenging venue in Anoka County for the criminal sexual conduct charges because venue is proper where the victim is found under Minn. Stat. § 627.15 (2024). *Id.* Paulson did not argue that Anoka County was an improper venue for the kidnapping charge. *Id.* at 148. Instead, Paulson pleaded guilty to kidnapping, appealed, and argued that the kidnapping plea was inaccurate because the factual basis did not establish the statutory venue requirement under section 627.01. *Id.* We rejected this argument, concluding that venue is not an element of the offense. *Id.*

The supreme court granted Paulson's petition for review and considered whether "the statutory right under section 627.01 to insist that a criminal trial be held in the county where the crime was committed [is] an element of the offense?" *Id.* at 150. The supreme court answered "no" to that question, holding that the statutory venue requirement in section 627.01 is not an element of an offense "because a violation of the statutory venue requirement does not negate a defendant's criminal culpability." *Id.* at 151. Accordingly, the supreme court concluded that the state's failure to establish venue as part of the factual basis of a plea did not make the plea inaccurate. *Id.*

We now turn to the parties' arguments on remand. Anderson raises three arguments. First, he contends that *Paulson*, which involved an *Alford* plea, does not apply because Anderson was convicted after a trial. Second, Anderson argues that if *Paulson* applies to cases that proceeded to trial, applying *Paulson* to his case would violate the Ex Post Facto Clause because it changed the evidence required to convict him. Finally, Anderson argues that applying *Paulson* to his case is fundamentally unfair.

The state responds that the supreme court's holding in *Paulson* is not limited to cases involving guilty pleas. The state asserts that applying *Paulson* would not violate the Ex Post Facto Clause because the supreme court clarified the elements of the offense rather than change the elements of the offense. Finally, the state contends that *Paulson* controls and compels the conviction to be affirmed. The state's arguments are more persuasive.

First, Anderson's argument that *Paulson* is limited to guilty-plea cases is belied by the supreme court's opinion. Although the court indicated that the "narrow question" was whether the factual basis for the plea was accurate, the court framed the issue broadly: "Is the statutory right under section 627.01 to insist that a criminal trial be held in the county where the crime was committed an element of the offense?" *Id.* at 150. The court did not limit this rationale to guilty plea cases.

Second, applying *Paulson* to Anderson's case does not violate the Ex Post Facto Clause. Both the United States and Minnesota Constitutions prohibit the enactment of ex post facto laws. U.S. Const. art. 1, § 10; Minn. Const. art. 1, § 11; *see also Rew v. Bergstrom*, 845 N.W.2d 764, 790 (Minn. 2014) ("Both provisions prohibit laws that render an act punishable in a manner in which it was not punishable when it was

6

committed." (quotation omitted)). The Minnesota Supreme Court did not substantively change the elements of any criminal offense in deciding *Paulson*. *Paulson*, 22 N.W.3d at 150. Instead, the supreme court clarified that the section 627.01 venue requirement is not an element of criminal offenses. *Id.* The elements for a defendant's culpability for violating a criminal statute remained the same. *Id.*

In addition, we are not persuaded by Anderson's arguments regarding the Ex Post Facto Clause that are premised upon *Carmell v. Texas*, 529 U.S. 513 (2000). In *Carmell*, the United States Supreme Court addressed the question of whether an amended Texas statute—which eliminated the corroboration requirement for certain sexual offenses— could apply to acts alleged to have occurred before the statute was amended. 529 U.S. at 522, 530. The Supreme Court reasoned that the amendment altered the quantum of evidence necessary to convict and, therefore, violated the Ex Post Facto Clause. *Id.* at 530.

Unlike *Carmell*, the Minnesota Legislature did not change the statutory elements of the offense or the quantum of evidence necessary to sustain a conviction. Rather, the Minnesota Supreme Court construed existing statutes and clarified that the statutory venue requirement is not an element of a criminal offense. *Paulson*, 22 N.W.3d at 150. The supreme court had not previously addressed this question. To the extent that our court's prior decisions had concluded otherwise, the supreme court held that those opinions— applying the same, unchanged venue statutes—were wrong. Because the substantive elements of the crime of financial exploitation of a vulnerable adult have not changed, we are not persuaded that applying *Paulson* to our review of Anderson's conviction violates the Ex Post Facto Clause.

Finally, applying *Paulson* to Anderson's conviction is not fundamentally unfair. The cases that Anderson cites for his fairness argument are inapposite. For example, Anderson does not argue that his trial was fundamentally unfair due to restrictions on his ability to present a defense. *See State v. Richards*, 495 N.W.2d 187, 191 (Minn. 1992). Nor does Anderson's case involve an insufficiently detailed restitution affidavit for which he had no notice. *See State v. Seeman*, 25 N.W.3d 858, 866 (Minn. 2025). Instead, Anderson argues in his principal brief on appeal that his "conviction on Count 3 [must] be reversed because the [s]tate failed to meet its burden of proof that the offense charged in Count 3 occurred in Chisago County." The supreme court has now held that the venue requirement set forth in section 627.01 is not an element of this, or any other criminal offense. *Paulson*, 22 N.W.2d at 151.

Applying *Paulson*, we conclude that Anderson's conviction for financial exploitation of a vulnerable adult in count three must be affirmed.

## DECISION

The holding in *Paulson* that the statutory venue requirement in Minnesota Statute section 627.01 is not an element of an offense that applied to cases that proceeded to trial. Applying *Paulson* to Anderson's case is neither a violation of the Ex Post Facto Clause, nor fundamentally unfair. Because the venue requirement in section 627.01 is not an element of an offense, the state was not required to prove that any of the five offenses covered by count three occurred in Chisago County—or that any of the three victims reside in Chisago County—in order to sustain a conviction for that count.

**Affirmed.**